IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE DENISE BUSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 15-718 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Renee Bush ("Bush") appeals an ALJ's denial of her claim for disability insurance benefits ("DIB"). Bush alleges a disability beginning on October 31, 2011 due to depression, anxiety and panic attacks. (R. 13) Following a hearing and consultation with a vocational expert, the ALJ denied her claim, concluding that she retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with some restrictions. (R. 18-26) Bush appealed. Pending are Cross Motions for Summary Judgment. *See* ECF Docket Nos. [10] and [14]. Bush has filed a Reply Brief. See Docket No. [18]. After careful consideration, and for the reasons set forth below, this case is remanded for further consideration.

### Legal Analysis

1. <u>Residual Functional Capacity Assessment & Hypothetical Question</u>

Bush challenges the Residual Functional Capacity ("RFC") assessment and the hypothetical question posed to the Vocational Expert ("VE"), urging that they do not fairly

reflect a limitation espoused by Dr. Valerie Rings which the ALJ necessarily endorsed by giving Dr. Rings' opinion "significant weight." (R. 21)[1] According to Bush, the ALJ should either have included the language in her RFC and hypothetical[2] or explained her reason for declining to do so.

I agree on both counts. The court's decision in *Harden v. Comm'r. of Soc. Sec.*, Civ. No. 13-906, 2014 WL 4792294 (W.D. Pa. Sept. 24, 2014) is persuasive on this issue. In *Harden*, the ALJ gave the "greatest weight" to the opinion of a non-examining state agency psychologist who restricted the claimant to one and two-step tasks. Yet in formulating the RFC, the ALJ neither included this limitation nor expressly rejected the limitation. Neither did the ALJ include the limitation in his hypothetical to the VE. On review, the court found that the "RFC and hypothetical here are not supported by substantial evidence because it is not clear whether the omission of any limitation to one or two-step jobs was intentional or not." *Harden*, 2014 WL 4792294 at * 4. The court explained that although the ALJ was not required to adopt all the limitations set forth in the physician's report, he was required to explain his reason for rejecting them if he chose to do so, particularly in light of the fact that he expressly gave significant weight to this opinion in formulating the RFC and hypothetical. *Id*.

---

[1] Dr. Rings stated, among other things, that Bush would be expected to understand and remember "one and two-step instructions." (R. 362)

[2] The ALJ formulated the following hypothetical question to the VE:

> Q Please assume an individual of the claimant's age, education, and past relevant work. This individual would be able to perform work at all exertional levels. This individual would be able to understand, remember, and carry out simple instructions – I'm sorry. The work would be limited to routine and repetitive tasks, performed in a work environment free of fast-pa[ced] production requirements, involving only simple work-related decisions and routine work-place changes. The work would be isolated from the public, with only occasional supervision, and only occasional interaction with coworkers. Could an individual with these limitations perform the claimant's past work?
> A No, she could not.

(R. 50-51)

The court hypothesized that the ALJ may have been using the phrases "routine and repetitive tasks" and "one and two-step tasks" interchangeably. The court cautioned against doing so. It explained that the phrases may account for a different complexity of tasks that a claimant can perform. *Id*. Indeed, "the jobs that a VE and ALJ found he was able to perform, while consistent with a limitation to routine, repetitive work, may have been inconsistent with a limitation to one or two-step tasks." *Id*. at * 5. *See also*, *Bobbitt v. Colvin*, Civ. No. 13-1320, 2014 WL 2993738 (D. Ore. July 1, 2014) (finding that a limitation to one or two-step instructions is a more restrictive limitation than the limitation to simple, routine tasks and that such a limitation is inconsistent with jobs listed in the DOT requiring a Reasoning Level 2); *Diaz v. Astrue*, Civ. No. 10-529, 2010 WL 5313504 (C.D. Cal. Dec. 20, 2010) (same); and *Gribsby v. Astrue*, No. EDCV 08-1413-AJW, 2010 WL 309013 at *2 (C.D. Cal. Jan. 22, 2010) (same). *See also, Wesselius v. Astrue*, Civ. No. 11-2175, 2012 WL 4758067 at * 3 (W.D. Wash. Aug. 27, 2012) (differentiating between a finding that a claimant is capable of performing 'one and two step tasks" and "simple repetitive job instructions and tasks").

Consequently, I find, as did the *Harden* court, that a remand is required. Because there is potentially conflicting evidence in the record, the ALJ must explain which evidence she finds persuasive and accepts and which evidence she rejects. She must also explain the reasons for her determination. *Harden*, 2014 WL 4792294 at * 5, *citing Cruz v. Comm'r. of Soc. Sec*., 244 Fed. Appx. 475, 479 (3d Cir. 2007) (*citing, Hargenrader v. Califano*, 575 F.2d 434, 437 (3d Cir. 1978)). Dr. Rings offered a restriction to one and two-step instructions which was not included in either the RFC or hypothetical. The ALJ gave Dr. Rings' opinion great weight. "The ALJ is not necessarily obligated to accept this additional limitation, but [s]he cannot ignore it. It is the need

for further explanation that mandates the remand on this issue. Likewise, while the VE's opinion may remain unchanged even with this additional restriction, that is left for the VE to decide." *Id.*[3]

2. <u>Duty Owed to a Pro Se Claimant</u>

Although remanding on the issue detailed above, I note that the Court rejects Bush's contention that the ALJ failed to discharge her duty to develop the administrative record on behalf of an unrepresented client. *See* ECF Docket No. [11], p. 3. As the Third Circuit Court recently stated:

> an ALJ has a heightened duty to develop the record when a claimant is *pro se*. *Mayes v. SSA*, 190 Fed. Apx. 183, 186 (3d Cir. 2006). "Social Security disability determinations are 'investigatory, or inquisitorial rather than adversarial.'" *Butts v. Barnhart*, 388 F.2d 377, 386 (3d Cir. 2004). Thus, "the ALJ must scrupulously and conscientiously probe into, inquire of and explore for all the relevant facts." *Reefer v. Barnhart*, 326 F.3d 376, 380 (2nd Cir. 2003). "If it is clear that the lack of counsel prejudiced the claimant or that the administrative proceeding was marked by unfairness due to lack of counsel, this is sufficient for remand, or reversal." *Livingston v. Califano*, 614 F.2d 342, 345 (3d Cir. 1980). "Implicit within this 'heightened level of care' is an affirmative obligation to assist the claimant in developing a complete administrative record." *Pryor v. Astrue*, No. 8-312, 2009 U.S. Dist. LEXIS 26010, at * 12, 2009 WL 890581 (W.D. Pa. March 27, 2009).

*Howe v. Astrue*, 2013 WL 593975 at * 2 (3d Cir. 2013). "[R]emand is appropriate when the lack of counsel prejudices the claimant or causes unfairness at the administrative level, such as when the ALJ fails to adequately develop the administrative record." *Comiskey v. Astrue*, Civ. No. 9-252, 2010 WL 308979 at * 5 (E.D. Pa. Jan. 27, 2010), *citing, Livingston v. Califano*, 614 F.2d 342, 345 (3d Cir. 1980).

After careful consideration, I am satisfied that Bush did not suffer any prejudice or unfairness here relating to the manner in which the ALJ developed the administrative record.

---

[3] The VE testified that Bush could perform the jobs of stocker, laundry worker and janitorial worker. (R. 51). These positions appear to require a GED Reasoning Level 2. As such, there may be a conflict between the limitations offered by Dr. Rings and the jobs identified by the VE. Were the ALJ to incorporate the limitations offered by Dr. Rings, there would be a conflict between the testimony offered by the VE and the language of the Dictionary of Occupational Titles ("DOT"). Before relying upon the testimony of a VE to support a determination, an ALJ must "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by [a VE] … and information in the [DOT] … and [e]xplain in the determination how any conflict that has been identified was resolved." SSR 00-4P, 2000 WL 1898704 at * 1.

4

First, I note that Bush does not contest that she knowingly waived her right to counsel. *See* ECF Docket No. [11], p. 3 n. 1. Second, there is no indication from Bush, who is currently represented by counsel, that the ALJ lacked any necessary records or exhibits. Third, a review of the transcript from the hearing convinces me that the ALJ carefully and thoroughly questioned Bush as to her activities of daily living, including how she spent her days, how often she attended church, and whether she shopped for groceries. (R. 46-49). The ALJ also inquired about any difficulties Bush had with her memory, how often she had panic attacks, how long they lasted, and how her condition manifested itself. (R. 45-48). She also inquired about any medications Bush was taking and about her past and current treatment with medical providers. (R. 40-42, 49-50) Indeed, Bush fails to identify a single condition or issue not sufficiently addressed by the ALJ.[4] Consequently, I reject Bush's argument on this basis.

3. The Weight Accorded Treating Physicians' Opinions

Similarly, I reject Bush's contention that the ALJ erred with respect to her analysis and assessment of the medical opinions offered by her treating physicians. Certainly, although the opinions of a claimant's treating physicians are entitled to substantial and at times even controlling weight, "an ALJ 'may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided.'" *Machen v. Colvin*, Civ. No. 12-1724, 2013 WL 3168658 at * 11 (W.D. Pa. June 20, 2013) (citations omitted). Thus, an ALJ is entitled to reject a treating physician's opinion if it is contrary to other medical evidence in the record; if it is not sufficiently supported by clinical data; or "it is in the form of

---

[4] Bush does reference the ALJ's alleged failure to explain to Bush the vocational expert's role and criticizes her for simply asking Bush whether she had any questions for the vocational expert. Bush implies that she was so confused by the vocational expert's role that, rather than question him, she offered to perform for him a dance routine. In fact, the ALJ did explain the vocational expert's role. (R. 33) Further, the suggestion that, in response to the ALJ's invitation to question the VE, Bush offered to perform a dance routine is disingenuous. *See* ECF Docket No. [11], p. 4-5. A review of the transcript clarifies that Bush engaged in a lengthy monologue explaining that she wished that she could have a paying job, but that she felt she was still contributing as a person through her work at her church which included creating a "routine" for the youth group.

5

an unsupported, conclusory opinion." *Machen*, 2013 WL 3168658 at * 11, *citing, Frankenfield v. Bowen*, 861 F.2d 405, 408 (3d Cir. 1988), *Newhouse v. Heckler*, 753 F.2d 283, 286 (3d Cir. 1985), *Jones v. Sullivan*, 954 F.2d 405, 408 (3d Cir. 1991), and *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) (noting that "form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence [of actual disability] at best"). Of course, "[w]hen an ALJ denies a claim where a treating physician's opinion is not controlling, his 'decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Machen*, 2013 WK 316858 at * 11 (internal citations omitted).

A thorough review of the evidence convinces me that the ALJ adhered to appropriate standards. She expressly indicated that she considered the factors in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p and 06-3p. (R. 18) She further discussed Dr. Garfinkle's treatment records from 2011 through 2013, and thus was clearly aware of the length and nature of that relationship. (R. 19, 21-23). The ALJ did the same with respect to Dr. Krimer. (R. 19, 23). She also clearly articulated particular reasons for the weight given to Dr. Garfinkle's and Dr. Krimer's opinions. (R. 21-22) Specifically, the ALJ explained that she found Dr. Garfinkle's reports to be inconsistent with Bush's activities of daily living; inconsistent with her history of conservative mental health treatment; inconsistent with Garfinkle's own records and with the record as a whole; and as lacking in persuasive value because it consisted of a checklist form bereft of explanation. She similarly explained that she rejected Dr. Krimer's opinion because of the abbreviated length of treatment; because of the lack of a basis for the opinion; because of the inconsistency between the opinion and Dr. Krimer's

6

own treatment records; because of the inconsistency with the activities of daily living and the conservative treatment history; and because the opinion was based upon a form. (R. 21-22)

As stated above, the ALJ's decision to accord Dr. Garfinkle's and Dr. Krimer's opinions reduced weight for these reasons is well supported by case law. See *Machen v. Colvin*, Civ. No. 12-1724, 2013 WL 3168658 at * 11 (W.D. Pa. June 20, 2013); *see also Milliron v. Astrue*, Civ. No. 12-1452, 2014 WL 1056976 (W.D. Pa. March 18, 2014) (stating that the ALJ was entitled to give a physician's opinion minimal weight and discharged his duty to explain why he chose to do so where he explained, in part, that the physician's opinion was offered on a form; was not supported by any clinical or objective medical findings; was inconsistent with his own treatment notes; and was contradicted by the claimant's activities of daily living). Substantial evidence supports the ALJ's findings in these respects. As such, there is no basis for reversal or remand.

## **Conclusion**

Bush asserted several challenges to the ALJ's decision, but I found only one to be persuasive. I reject Bush's contentions that the ALJ failed in fulfilling her duty to a *pro se* litigant to fully develop the record. I similarly reject the suggestion that the ALJ failed to accord Bush's treating physicians' opinions appropriate weight. Yet I do find the ALJ's failure to either specifically reject Dr. Rings' limitation to "one and two-step tasks" (and explain the reasoning therefor) in formulating the RFC, or to include the language in the RFC and hypothetical to the VE, to be problematic. Consequently, the ALJ should address this issue on remand, as more fully detailed in this Opinion.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE DENISE BUSH, | ) |
| Plaintiff, | ) |
| -vs- | ) Civil Action No. 15-718 |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge.

## ORDER OF COURT

AND NOW, this 2nd day of May, 2016, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is hereby Ordered that the Plaintiff's Motion for Summary Judgment is GRANTED and the Defendant's Motion for Summary Judgment is DENIED. This case is REMANDED for further consideration consistent with the reasoning set forth in the accompanying Opinion. The Clerk of Courts is hereby directed to mark this case "Closed" forthwith.

BY THE COURT:

s/ Donetta W. Ambrose
  Donetta W. Ambrose
  United States Senior District Judge